C. B. SARGENT ET AL. *v.* JAMES FARRAR'S ASSIGNEE ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—212.]

**Distraint for Rent.**

> Before personal property can be subject to a distress warrant against a tenant it must appear that such property belonged to the tenant at the time or after the accrual of the rent distrained.

**Landlord's Lien.**

> The landlord's lien under the statute can only attach to property belonging to the tenant, and can not be for more than one year's rent due or to become due.

APPEAL FROM FAYETTE CIRCUIT COURT.

February 1, 1881.

OPINION BY JUDGE COFER:

Although § 648 of the Civ. Code (1895) seems to contemplate the trial of motions for judgment upon bonds executed under § 645 without written pleadings, yet when that section is considered in connection with §§ 444 and 449, we incline to the opinion that such motions may be heard upon or without written pleadings. In *Maupin & O'Rear v. Couchman*, MSS. Opin., we held that it was not error to allow written pleadings to be filed in such cases.

It was alleged in the appellants' pleading, which is styled a petition and answer, in the record, that the whisky in contest was the property of Farrar at the time the levy was made. This allegation was not denied in the reply, but the appellant sought to avoid it by averring that the whisky was found and levied upon the leased premises, and that when brought upon the premises it was the property of Warren, their tenant, and was therefore subject to seizure

under the distress warrant. To this there was no reply, and the appellants contend that these allegations should have been taken to be true, and judgment rendered for them on the pleadings.

Although the law did not require, it permitted written pleadings, and the parties having seen proper to commence such pleadings the case should be treated as if written pleadings had been required; and if on the pleadings as they stood at the trial the appellants were entitled to recover, judgment should have been rendered in their favor without regard to the evidence.

But we are of the opinion that appellees, and not appellants, were entitled to judgment on the pleadings. By failing to deny it the appellants admitted that the whisky was the property of Farrar when levied on. They alleged in reply that it was the property of Warren when it came on the leased premises. This was not denied, and therefore is to be taken to be true.

We then have these facts established by the pleadings: 1. That the whisky belonged to Farrar when levied upon; 2. That it was then on the leased premises; 3. That when it came upon the premises it was the property of Warren. Do these facts render it subject to be distrained for the rent for which the warrant in this case was issued?

It is not stated in any of the pleadings when or how Farrar became the owner of the whisky. That it was one time the property of Warren and was on the leased premises as his property does not render it subject to distraint. It must have belonged to him at the time or after the accrual of the rent distrained for. The statute provides that the landlord's lien shall be upon property belonging to the tenant, but such lien shall not be for more than one year's rent due or to become due. It was therefore necessary that the reply should have contained an allegation that the whisky was the property of Warren during the time the rent claimed was accruing, or after it had accrued.

Suppose the rent distrained for was for one year immediately preceding the issuing of the warrant, and that Farrar became the owner of the whisky two years before that date. In that case it would be clear that no lien attached to it, for the reason that it was not the property of the tenant at any time after the rent commenced to accrue; and the appellants, having admitted that it belonged to Farrar when levied upon, should have alleged, if such

were the fact, that it belonged to Warren while the rent was accruing or after it accrued.

Wherefore the judgment must be *affirmed*.

*Morton & Parker, for appellants.*

*Beck & Thornton, for appellees.*

[Cited, *Dugan's Admr. v. Mitchell,* 5 Ky. L. 150.]